NO.
12-05-00427-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

KEVIN RAY SCOTT,           §          APPEAL FROM THE 8TH

APPELLANT

 

V.        §          JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          RAINS COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            Appellant
Kevin Ray Scott was convicted for possession of a controlled substance (less
than one gram).  In two issues, Appellant
challenges the reasonableness of the searches of both himself and the front
passenger of his vehicle and asserts that trial counsel was ineffective.  We affirm.

 

Background

            On July 24, 2004, at approximately
10:39 p.m., Appellant was stopped by Texas Department of Public Safety Troopers
Ray Ragan and Brandon Stribling.  The
troopers stopped Appellant in order to issue him a citation for driving 67
miles per hour in a 55 miles per hour speed zone.  Trooper Ragan began to suspect criminal
activity when Appellant took an unusually long time to stop his vehicle.  Three other individuals were passengers in
Appellant’s vehicle at the time of the stop. 









            Trooper Ragan approached Appellant’s
vehicle and explained the reason for the stop. 
He then asked Appellant to step out of his vehicle.  Appellant stepped out and walked backwards to
the rear of his vehicle.  As he stepped
out, he tossed a package of breath mints back into the vehicle.  Trooper Ragan thought Appellant’s walking
backwards was unusual and suspected that Appellant was attempting to conceal
something from him.  He also smelled the
odor of alcohol coming from inside Appellant’s vehicle and saw several propane
lighters in the vehicle that were the type commonly used in connection with
methamphetamine. 

            As Trooper Ragan spoke with
Appellant, he could smell the odor of alcohol on Appellant’s breath.  After briefly questioning Appellant, he
walked back to Appellant’s vehicle to see if there were any open containers in
plain view.  Seeing none, he returned to
where Appellant was standing to question him about possible alcohol
consumption.  Based upon concerns for
officer safety, he conducted a quick pat down search of Appellant that revealed
two lighters, some change, and a baby pacifier.

            Trooper Ragan then returned to
Appellant’s vehicle where he noticed an open container of alcohol between the
driver’s seat and the center console. 
Although it appeared that someone had attempted to conceal the
container, it was, nonetheless, still in plain view.  He then requested that the front passenger
step out of the vehicle for questioning. 
He conducted a pat down search of the passenger for officer safety.  During the search, he found a small plastic
bag containing residue of what appeared to be methamphetamine.[1]


            For safety reasons, Trooper Ragan
placed the passenger in handcuffs and instructed Trooper Stribling to place
Appellant in handcuffs as well.  He
instructed the remaining two occupants of the vehicle to keep their hands in
view and asked them if there were any weapons in the vehicle.  One 
admitted that there was a knife in the vehicle.

            Shortly after speaking with the
remaining occupants, Trooper Ragan saw a flashlight casing and another small
plastic bag laying on the ground near where Appellant had been standing.  The plastic bag contained what appeared to be
a usable amount of methamphetamine. 
Inside the flashlight casing was a glass pipe of the type commonly used
to smoke methamphetamine.  The pipe had a
white residue in it and black marks where it appeared to have been heated.  

            Trooper Ragan searched Appellant’s
vehicle and found two glass tubes, a hypodermic needle, and an illegal double
edged throwing knife.  He gave Appellant
a field sobriety test, which revealed that Appellant was not intoxicated.  Appellant admitted, however, that the open
container was his.  

            Troopers Ragan and Stribling
reviewed the videotape from the camera mounted in their patrol car.  The tape revealed that Appellant had
discarded the items found on the ground. 
Trooper Ragan placed Appellant under arrest for possession of a
controlled substance[2] and possession of drug paraphernalia.[3]

            The paraphernalia charge (for the
flashlight and glass pipe) was tried separately from the controlled substance
charge.  Appellant was convicted on the
paraphernalia charge and fined.  

            At the subsequent trial for the
controlled substance charge, Troopers Ragan and Stribling testified about the
traffic stop and Appellant’s arrest.  The
State also called Keith Pridgeon, a supervisor at the Texas Department of
Public Safety crime lab in Tyler, Texas. 
Pridgeon testified that the substance found in the bag on the ground was
methamphetamine and that it was less than one gram.  Both the patrol car videotape and the bag of
methamphetamine were admitted into evidence.

            Appellant did not testify or call
any witnesses during the guilt/innocence phase of the trial.  Instead, Appellant’s counsel argued that
Trooper Ragan had confused the two bags found during the stop and that the
passenger, not Appellant, was the individual who actually had the bag with the
usable amount of methamphetamine.  The
jury found Appellant guilty of possession of a controlled substance (less than
one gram), sentenced him to two years of confinement, and fined him
$5,000.00.  This appeal followed.

 

Reasonableness of the Searches

            In
his first issue, Appellant challenges the reasonableness of the searches of
both himself and the front passenger of his vehicle.

            Generally, in order for an appellant
to claim that a trial court erred in allowing testimony, he must have preserved
the error at trial by making a proper objection and securing a ruling on the
objection.  See Ethington v. State,
819 S.W.2d 854, 858 (Tex. Crim. App. 1991). 
Trooper Ragan’s pat down search of Appellant revealed two lighters, some
change, and a baby pacifier, but no contraband or weapons.  None of these items were seized or admitted
as evidence at trial.  At trial, Trooper
Ragan testified as to the results of the search, but Appellant did not object
to the testimony.  Because Appellant made
no objection at trial, he failed to preserve any issue regarding the testimony
for our review.[4]  See id.








            As to Trooper Ragan’s search of
Appellant’s passenger, the State contends that Appellant does not have standing
to complain about the search.  The State
did not challenge Appellant’s standing at trial.  However, because standing is an element of
Appellant’s unreasonable search claim, the State may raise standing for the
first time on appeal.  Kothe v.
State, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004). 








            To have standing to complain of a
search or seizure, the complaining party must show that he had a reasonable
expectation of privacy that was invaded. 
See id.  A
complaining party has no standing to complain about the invasion of someone else’s
personal rights.  Id.  In this case, Appellant brought forth no
evidence that he had a reasonable expectation of privacy in the clothes being
worn by the passenger.  See id. at
59-60.  Therefore, Appellant has no
standing to complain about the search of the passenger.  See id.   

            We overrule Appellant’s first issue.

 

Effectiveness
of Trial Counsel

            Error! Hyperlink reference
not valid.In his second issue, Appellant
asserts that he received ineffective assistance of  counsel at trial.  Specifically, Appellant contends that trial
counsel was ineffective because counsel did not attempt to prevent the jury
from learning of Appellant’s conviction for possession of drug paraphernalia,
his past criminal history, and the pending unadjudicated charges against him,
nor did counsel request a limiting instruction regarding the paraphernalia
conviction.

Standard of Review








            Claims of ineffective assistance of
counsel are evaluated under the two step analysis articulated in Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674
(1984).  The first step requires the
appellant to demonstrate that trial counsel’s representation fell below an
objective standard of reasonableness under prevailing professional norms.  See Strickland, 466 U.S.
at 688, 104 S. Ct. at 2065.  At this
step, the appellant must identify the acts or omissions of counsel alleged to
be ineffective assistance and affirmatively prove that they fell below the
professional norm for reasonableness.  See
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).  The reviewing court will not find
ineffectiveness by isolating any portion of trial counsel’s representation, but
will judge the claim based on the totality of the representation.  See Strickland, 466 U.S.
at 695, 104 S. Ct. at 2069.

            Under the second step of the Strickland
analysis, the appellant must show prejudice from the deficient
performance of his attorney.  See Hernandez
v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).  To establish prejudice, an appellant must
prove that but for counsel's deficient performance, there is a reasonable
probability that the result of the proceeding would have been different.  See Strickland, 466 U.S.
at 694, 104 S. Ct. at 2068.  A “reasonable
probability” was defined by the Supreme Court as a “probability sufficient to
undermine confidence in the outcome.” Id. 

            Counsel is strongly presumed to have
rendered adequate assistance and to have made all significant decisions in the
exercise of reasonable professional judgment. 
See Hernandez, 726 S.W.2d at 55.  The burden is on the appellant to overcome
that presumption.  See Burruss v.
State, 20 S.W.3d 179, 186 (Tex. App.–Texarkana 2000, pet. ref’d).  The appellant must show specific acts or omissions
that constitute ineffective assistance and affirmatively prove that those acts
fell below the professional norm for reasonableness.  Id.  The appellant must prove that his attorney’s
errors, judged by the totality of the representation and not by isolated
instances of error, denied him a fair trial. 
Id.  It is not
enough for the appellant to show that the errors had some conceivable effect on
the outcome of the proceedings.  Id.
 He must show that there is a
reasonable probability that, but for his attorney’s errors, the outcome would
have been different.  See id. 

Discussion

            In this case, the record contains no
evidence of the strategic reasons for counsel’s decisions.  Under the facts presented here, this alone
requires us to resolve this issue against Appellant.  See Freeman v. State,
125 S.W.3d 505, 506-07 (Tex. Crim. App. 2003); see also Ortiz v. State,
93 S.W.3d 79, 88-89 (Tex. Crim. App. 2002) (“If counsel's reasons for his
conduct do not appear in the record and there is at least the possibility that
the conduct could have been legitimate trial strategy, we will defer to
counsel's decisions and deny relief on an ineffective assistance claim on
direct appeal.”).  However, the reasons
for counsel’s actions are not difficult to discern from the record.  

            Appellant was charged with
possession of a controlled substance. 
The controlled substance, methamphetamine, was in a small plastic bag at
the time of Appellant’s traffic stop. 
Appellant tried to dispose of the substance clandestinely but was instead
caught on videotape throwing it onto the ground.  In light of the overwhelming evidence of
Appellant’s guilt, Appellant’s counsel had but one reasonable argument: that
Trooper Ragan had confused the bag found on the passenger and the bag Appellant
threw to the ground.  Counsel argued that
Trooper Ragan had actually found the bag containing methamphetamine when
searching the passenger and then found the bag containing only residue on the
ground.  Counsel further argued that
Trooper Ragan confused the two bags and thus the wrong man was being prosecuted
for possessing the drugs.  

            In order to make this argument
successfully, counsel needed to muster credibility with the jury.  It was reasonable trial strategy to concede
certain damaging facts, such as Appellant’s conviction for possession of drug
paraphernalia, his past criminal history, and the pending unadjudicated charges
against him, in an attempt to win the trust of the jury.  Consequently, Appellant has failed to show
that his counsel provided ineffective assistance in this regard.  See McFarland, 928 S.W.2d at
500. 

            As to counsel’s failure to request a
limiting instruction, Appellant has not explained what type of limiting
instruction he believes was warranted. 
Likewise, Appellant has not presented any evidence of the strategic
reasons for counsel’s decision not to seek a limiting instruction.  Therefore, Appellant has not met his burden
to show that counsel’s conduct fell below the professional norm for
reasonableness.  See Ortiz,
93 S.W.3d at 88-89.  

            Because Appellant has not met his
burden to shown that counsel’s conduct fell below the professional norm for
reasonableness, we need not address the second step of the Strickland analysis.  We overrule Appellant’s second issue.

 

 

            

Disposition

We affirm
the trial court’s judgment.

                                                

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered February 14, 2007.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle,
J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)











[1] After later examining the bag more carefully, Trooper Ragan determined that
the amount was not a usable or testable amount.





[2] See Tex. Health & Safety Code Ann. § 481.115(b) (Vernon 2003).





[3] See Tex. Health 
& Safety Code Ann. §
481.125(a) (Vernon 2003).





[4] Appellant filed a motion to suppress testimony about the bag of
methamphetamine, the flashlight, and the glass pipe, but did not move to
suppress testimony about the pat down search of his person.